BLD-074                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4207
_____

In re:  TIMOTHY M. FLANNERY,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to Civ. No. 1-13-cv-00038)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 15, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Filed: January 27, 2017)
_____

OPINION[*]
_____

PER CURIAM

Timothy M. Flannery seeks a writ of mandamus directing the Chief Judge of the

District Court to order an investigation into his allegations of attorney misconduct

pursuant to Local Rule of Civil Procedure 83.2(b).  We will deny his request.

Flannery is a plaintiff in a civil suit against a manufacturer of construction

products.  After his attorney moved to withdraw from the case, citing a disagreement

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

between Flannery and the other plaintiff, Flannery filed an attorney misconduct complaint in the District Court. He alleged that the attorney's motion to withdraw was "suspect" because it omitted material information about the attorney's other representations, which Flannery believed created numerous conflicts of interest in her representation of him in the civil suit.

Flannery later telephoned the Chief Judge of the District Court to ask whether, pursuant to Local Rule 83.2(b), his attorney-misconduct complaint had been referred to a magistrate judge for an investigation. The Chief Judge issued an order explaining to Flannery the procedure outlined in Rule 83.2(b): Once an allegation of attorney misconduct—"which, if substantiated would warrant discipline on the part of the attorney"—comes before a judicial officer, he or she may refer the matter to the Chief Judge; only then shall the Chief Judge pass the matter to a magistrate judge or a disciplinary committee for investigation. The Chief Judge also explained that, though Flannery filed his allegations in the District Court, it had not, in turn, referred the allegations to the Chief Judge. The Chief Judge concluded that "[u]nless and until [a] judicial officer determines that the predicates set forth in Rule 83.2(b) exist, and informs the Chief Judge accordingly, any involvement by the [Chief Judge] is premature."

Flannery now seeks a writ of mandamus, asking this Court to compel the Chief Judge to refer his allegations of attorney misconduct to a magistrate judge for a report and recommendation. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and

2

agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," and that "the right to issuance [of the writ] is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Flannery has not shown a clear and indisputable right to direct the Chief Judge to refer his attorney-misconduct complaint for investigation. Flannery sought to bypass the procedures in Rule 83.2—whereby a judicial officer first determines that the allegations of attorney misconduct would warrant discipline and then refers the complaint to the Chief Judge—by telephoning the Chief Judge directly and purporting to alert her to his allegations. However, as the Chief Judge explained, Flannery cannot force an investigation of his allegations of misconduct by reporting them directly to the Chief Judge. Only a judicial officer, not a pro se litigant, may refer allegations of attorney misconduct to the Chief Judge. Moreover, the judicial officer must first determine that the allegations, if substantiated, would warrant attorney discipline. Only then will the Chief Judge order an investigation into the allegations.

For these reasons, we will deny West's request for a writ of mandamus.

3